IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CINDY MISSELT,

                                                    OPINION AND ORDER

                    Plaintiff,

                                                    08-cv-419-slc

     v.

MIDELFORT CLINIC, LTD.-
MAYO HEALTH SYSTEM and
LUTHER HOSPITAL-MAYO
HEALTH CLINIC,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming

1

jurisdiction over the case.

On June 23, 2008, plaintiff Cindy Misslet sued defendants Midelfort Clinic and Luther Hospital in the Circuit Court for Barron County, Wisconsin, requesting permission to withdraw money from her 401(k) plan governed by defendants. On July 28, 2008, defendants removed the case to this court under 28 U.S.C. §§ 1441 and 1446, contending that the case was removable because plaintiff's claim was a claim for benefits under the Employee Retirement Income Security Act of 1974, which provides this court with subject matter jurisdiction over the case under 28 U.S.C. § 1331. Plaintiff has not challenged the removal and review of defendants' notice of removal and plaintiff's state court complaint establishes that removal was timely and proper. Therefore, this court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1441.

Currently before the court is defendants' motion to dismiss the case under Fed. R. Civ. P. 12(b)(6). As an initial matter I note that plaintiff has failed to respond to defendants' motion to dismiss and, in fact, has failed to file any document with this court despite having been served with defendants' notice of removal, dkt. #3, and their motion to dismiss, dkt. #6. Plaintiff's failure to respond or file anything with this court for over two months would be grounds to dismiss her complaint with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

Regardless of plaintiff's failure to prosecute, defendants' contention that this case be

2

dismissed because the alleged facts confirm that plaintiff is not entitled to the relief demanded is persuasive. In plaintiff's complaint she requests "a petition to withdraw the funds" from her 401(k) plan "due to financial hardship." Cpt., dkt. #1, attachment 1 at 1. She alleges that her "current plan does not offer a withdrawal unless termination from employment or the reaching of the minimum age requirement for retirement." (Id.)

Attached to plaintiff's complaint were, among other things, summary plan descriptions of plaintiff's 401(k) retirement plans governed by defendants. Both plans state, "You may not take a hardship withdrawal from the Plan." Cpt., dkt. #1, attachment 3 at 17 and attachment 4 at 18. Plaintiff's allegations and the documents attached to her complaint establish that her financial hardship does not entitle her to withdraw funds. Defendants are obligated to discharge their fiduciary duties regarding the plans "in accordance with the documents and instruments governing the plan[s]." 29 U.S.C. § 1104(a)(1)(D). The documents governing both plans make it clear that plaintiff is not entitled to withdraw funds for financial hardship. Accordingly, plaintiff fails to state a claim upon which relief may be granted.

3

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Midelfort Clinic, Ltd.-Mayo Health System and Luther Hospital-Mayo Health Clinic, dkt. #4, is GRANTED and this case is DISMISSED with prejudice. The clerk of court is directed to enter judgment in favor of defendants.

Entered this 1st day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge